UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLUE-GRACE LOGISTICS LLC,

    Plaintiff,

v.                                                  Case No. 8:22-cv-1272-TPB-JSS

KATHLEEN BALOCK, et al.,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART**
**"PLAINTIFF BLUE-GRACE LOGISTICS LLC'S MOTION FOR REMAND"**

This matter is before the Court on "Plaintiffs' Motion to Remand to State Court," filed on June 29, 2022. (Doc. 17). Defendant responded in opposition on July 13, 2022. (Doc. 20; 21). Upon review of the motion, response, court file, and record, the Court finds as follows:

**Background**

Plaintiff Blue-Grace Logistics LLC – a transportation management and solutions company – employed Defendant Kathleen Balok from 2018 to 2021. As part of her employment, Balok signed a non-compete agreement that prevents her from working for or with any freight business for two years following termination of employment. The employment agreement also prohibits Balok from disclosing any confidential information obtained during her employment with Plaintiff. On April 27, 2021, Balok resigned and later began working with a competitor – Defendant

Traffic Tech, a company that engages in freight forwarding, among other transportation services.

On March 17, 2022, Plaintiff filed a complaint in state court seeking injunctive relief. On June 3, 2022, Defendants removed the case to this Court asserting diversity jurisdiction. On June 29, 2022, Plaintiff filed the instant motion to remand, arguing that Defendants have failed to sufficiently establish the amount in controversy. Plaintiff also seeks attorney's fees and costs incurred as a result of the allegedly improper removal.

## Legal Standard

28 U.S.C. § 1441(a) allows a defendant to remove a civil action to federal court when the case is within the federal court's original jurisdiction. Removal statutes are strictly construed against removal. *Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 108 (1941). The removing defendant must establish federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). Any doubt as to the propriety of removal must be resolved in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).[1]

## Analysis

Under 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over all civil actions where the (1) parties are completely diverse and (2) the amount in controversy exceeds $75,000.00. Here, Plaintiff does not plead a specific amount of

---

[1] Fifth Circuit cases decided before October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

damages in the complaint. As such, Defendants must prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

"[F]or amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315-16 (11th Cir. 2014). In the context of non-compete cases, district courts have evaluated the value of injunctive relief to a plaintiff by examining the profits earned by the employer on business generated by the employee during the period of time immediately preceding termination. *Tracfone Wireless, Inc. v. Gulbranson*, No. 06-21903-CIV, 2006 WL 8432734, at *2 (S.D. Fla. Sept. 18, 2006), *adopted by* 2006 WL 8432735 (S.D. Fla. Nov. 17, 2006).

Defendants have not pointed to sufficient evidence quantifying the loss in profits to Plaintiff based on Balok's decision to accept employment with Traffic Tech. Most of Defendants' assertions pertaining to the value of injunctive relief are purely speculative. *See* (Doc. 1-1 at p. 22-24). However, in response to the motion to remand, Defendants specifically contend that Balok was assigned to "service" Plaintiff's largest customer, and that this customer was responsible for between $1-2 million in annual profits.[2] However, these bare assertions do not sufficiently

---

[2] Defendants cite to a declaration from Balok. However, Defendants did not actually include the declaration with their response, instead filing a "placeholder." (Doc. 21). If they believed this document to be confidential, they should have sought leave to file the

Page 3 of 6

quantify the loss in profits to Plaintiff. *See Blue-Grace Group LLC v. Fahey*, 8:21-cv-58-MSS-JSS, 2021 WL 2474441, at *3 (M.D. Fla. April 20, 2021); *Cibula v. PSS World Medical, Inc.*, No. 1:13-cv-1122-WSD, 2013 WL 5555445, at *3 (N.D. Ga. Oct. 8, 2013). Although it is stated that the customer was responsible for $1-2 million in annual profits, it is difficult for the Court to determine whether these profits should be attributed to Balok since it unclear whether other employees were also assigned to this customer, how Balok was responsible for generating or retaining this business (if at all), and perhaps most importantly, whether Plaintiff has even lost this business since Balok's departure.[3] Moreover, even if the Court were to attempt to aggregate the claims against Balok and Traffic Tech, the loss in profits alleged are simply too speculative to establish jurisdiction.

The Court also may consider attorney's fees. However, "most courts have held that only attorney fees up to the time of removal are included in the amount in controversy." *Mavromatis v. Geovera Spec. Ins. Co.*, No. 8:18-cv-2146-T-60AEP, 2019 WL 3543707, at *2 (M.D. Fla. Aug. 5, 2019) (quoting *Poudy v. Tex. Roadhouse Mgmt. Corp.*, No. 2:17-cv-715-FtM-99CM, 2018 WL 495343, at *3 (M.D. Fla. Jan. 22, 2018)). Defendants do not provide any evidence to establish the amount of attorney's fees and costs incurred at the time of removal, although they assert "upon information and belief" an "estimate" that Plaintiff has expended approximately $10,000 in attorney's fees to prepare, review, and file the state court

---

document under seal instead of just failing to provide it. In the interest of judicial economy, the Court will infer that the points mentioned in the motion are included in the affidavit.
[3] It would also be speculative to assume that this customer would generate the same value of business during the effective period of the restrictive covenants.

complaint and motion for temporary injunction. Even if the Court were to accept this speculation, the amount remains below the jurisdictional threshold.

Defendants also contend that a related action against four former employees pending in the Middle District of Florida supports its position that the subject matter jurisdiction exists. However, facts from that case do not necessarily mean anything about the value of the instant case. *See Lowery v. Ala. Power*, 483 F.3d 1184, 1220-21 (11th Cir. 2007); *Reyes v. Stockhill*, 568 F. Supp. 3d 1288, 1292 (M.D. Fla. 2021).

Because the Court concludes that Defendants have not met their burden in establishing the amount in controversy, this case is due to be remanded.

Plaintiff argues it is entitled to the attorney's fees and costs associated with Defendants' removal and this motion to remand under 28 U.S.C. § 1447(c). Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Courts may award attorney's fees as part of a remand "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although Defendants failed to meet their burden in establishing the requisite amount in controversy, the Court cannot conclude that Defendants lacked an objectively reasonable basis for seeking removal. Moreover, nothing in the record reflects that Defendants removed this case for improper purposes. Therefore, an award of attorney's fees is not warranted under § 1447(c).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiff Blue-Grace Logistics LLC's Motion for Remand" (Doc. 17) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

3. Once remand is effected, the Clerk is directed to terminate any pending motions and deadlines and thereafter **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 25th day of July, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**